METROPOLITAN R. R. CO. (RUBBER STEP MANUF'G CO. v.). See Case No. 12,101.

METROPOLITAN WASHING–MACH. CO. v. EARLE. See Case No. 17,219.

---

## Case No. 9,507.

### METROPOLITAN WASHING–MACH. CO. v. PROVIDENCE TOOL CO.

[Holmes, 161.][1]

Circuit Court, D. Rhode Island. June, 1872.[2]

PATENTS — REISSUE — COMPARISON — MATTERS OF FACT—DECISION OF COMMISSIONER—STATE OF THE ART—CLOTHES WRINGERS.

1. In a suit for infringement of a reissued patent, the question whether or not the reissue is for the same invention as the original patent, is one of construction for the court upon comparison of the two instruments. Questions as to matters of fact connected with the surrender and reissue are closed by the decision of the commissioner granting the reissue.

[Cited in Spaeth v. Barney, 22 Fed. 829.]

2. In view of the prior state of the art, the reissued patent, No. 2829, dated Dec. 31, 1867, granted Sylvanus Walker, for an improvement in clothes-wringers, originally patented to Isaac A. Sergeant, July 27, 1858, must be construed as a patent for a wringer consisting of a new U-shaped yoke frame, with uprights or their equivalents, in which a wringing mechanism is supported in position on one side of a wash-tub, in combination with an adjustable clamping device for fastening the wringer to the tub.

---

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

[2] [Affirmed in 20 Wall. (87 U. S.) 342.]

3. So construed, the patent is not infringed by the manufacture and sale of a clothes-wringer consisting of an old adjustable clamping device for holding the wringer to one side of a wash-tub, and two upright standards connected at the bottom by a cross-bar; the standards supporting the journals of the pressure-rollers of an old wringing mechanism.

In equity.

Thomas A. Jenckes and James H. Parsons, for complainant.

B. F. Thurston, for defendant.

SHEPLEY, Circuit Judge. This is a bill in equity brought by the complainant, as assignee of Isaac A. Sergeant, for infringement of division 2, No. 2829, of letters-patent for an improvement in clothes-wringers. Said letters-patent [No. 21,029], were originally granted to Isaac A. Sergeant July 27, 1858, and were reissued in two divisions, one dated June 18, 1867. and the other being one upon which this bill is brought, dated Dec. 31, 1867.

The machine described in the original patent belongs to that class of clothes-wringers generally known as "twist-wringers." in the use of which clothes are wrung and the water expelled by twisting the clothes into a rope, in the same manner as clothes are wrung by hand.

The original Sergeant machine had a yoke frame of U form, which yoke frame had a pair of jaws and a clamp wedge for securing the frame. to the side of a common wash-tub. This portion of the original machine constituted that part of the invention which is embraced in the division of the reissued patent, No. 2829. To the yoke frame a hinged frame was attached, which, when in position, is at right angles with the yoke frame. A cross-bar unites the two sides of the hinged frame. In the centre of the cross-bar is set a "hitching pin," around which the clothes to be wrung are partially wound and held fast by the left hand of the operator, while the right hand turns a rotary clamp which is set in the yoke frame, and which gives the clothes the twist necessary to expel the water. More minute description of this rotary clamp is unnecessary, as it has little if any connection with any questions at issue in this case, the peculiarities of the wringing mechanism not forming any part of the mechanism recited in the claims of the reissued patent No. 2829.

After the death of Isaac A. Sergeant, his administratrix, on account of a defective specification, surrendered the original patent; and on two corrected specifications two new patents were reissued to one Walker, to whom the administratrix and the heirs-at-law had assigned the patent. Walker duly assigned to complainant all his interest in the patent, and in any divisions to reissues thereof.

The claims in the reissued patent. No. 2829, are for: First, the employment or use of a portable frame or yoke. B. with uprights, S S, or their equivalents, for supporting a clothes-wringing mechanism in position on one side of a common wash-tub, for the purposes set forth. Second, the application of an adjustable clamping device, when employed to attach a clothes-wringer to one side only of a wash-tub, in the manner described and for the purposes set forth.

In the reissued patent, division 2, No. 2829, by a separation of the inventions of the patentee, the yoke frame, in combination with its device for being clamped to one side of a common wash-tub, is claimed as a separate structure, without regard to the structure of the wringing mechanism used with such "supporting and connecting apparatus."

The answer of the defendant alleges in defence, that the reissued letters-patent are fraudulent and void, because they were sought to be procured for the purpose of embracing therein more than was the invention of the said Isaac A. Sergeant; that they were obtained for the purpose of endeavoring to embarrass the defendant and other parties manufacturing wringing-machines, by the assertion of a colorable claim to a subject of invention, which, if construed by the court as broadly as the complainants by their assertions claim that it should be, would prevent the manufacture of any wringing-machine that was detachable from a tub.

If it appears upon the face of the reissued patent that it is not for the same invention as that embraced or secured in the original patent, then it would be the duty of the court, as a matter of law, to declare the reissued patent invalid; for such a state of facts, apparent upon a comparison of the two instruments as construed by the court, would show that the commissioner of patents, in granting the reissue, had exceeded his authority, and that there was such a repugnancy between the old and the new patent that it must be held as a matter of legal construction that the new patent is not for the same invention as that embraced and secured in the original patent. Matters of construction arising upon the face of the patent are open questions to be decided by the court; but all matters of fact connected with the surrender and reissue are now held to be closed by the decision of the commissioner in granting the reissued patent. Seymour v. Osborne, 11 Wall. [78 U. S.] 516.

This disposes of the first objection in the answer to the validity of the reissued patent; for there does not appear to be any ground upon which it could with reason be contended that the invention claimed in the reissued patent was not described or substantially indicated in the original patent; and the other questions of fact are closed by the decision of the commissioner.

The defendant also sets up in its answer the anticipation and prior knowledge of the alleged invention of the complainant by various parties. patentees and rejected applicants for patents. whose names and the dates of whose applications and inventions

appear in the answer and the amendments thereto.

In view of this defence, it becomes necessary to consider the state of the art prior to the date of the alleged invention by Sergeant, and to define the construction and the limitations of the claims in the reissued patent under which complainant claims. Without going into a detailed description of wringing-machines existing anterior to the date of Sergeant's invention, it will be sufficient for the purposes of this case to observe that wringing-machines were in use in many different forms of more or less practical utility. Clamping devices, also, were old and well-known means of attaching machines of various descriptions to benches, tables, or other articles with which they were used. Reels for thread, vises, eyeletting-machines, fluting-machines, egg-beaters, and small mills, had been attached to benches and tables by clamping devices similar in principle to the one described in the Sergeant patent. A clamping device identical with the one used by defendants, and comprehended in the reissued patent No. 2829, was applied to a wringing-machine before the Sergeant invention.

Letters-patent for a washing-machine issued to H. W. Sabin, Aug. 16, 1845. In his machine a common twist-wringer was supported by a standard furnished with jaws and a clamp screw, the two forming a clamping device such as is in common use on all wringers at the present time; but the standard was not a U-formed yoke frame, but simply a support for the journal of a shaft, although the standard had jaws and a clamping instrument adapted to secure the standard to the side of a wash-tub. Unless the U form of the yoke frame in the Sergeant mechanism is to be considered as an essential part of the Sergeant invention, as distinguished from the standard in Sabin's machine, which is simply a support for a journal, it is difficult to perceive the novelty of the Sergeant invention. The experts examined in behalf of the complainant testify, that, in their opinion, "The said (Sabin) standard is simply a support for the journal of a shaft, and is not a yoke frame such as is described in the reissued patent, nor the equivalent of one, by reason of the differences above referred to." But when they compare the yoke frame in the reissued patent with the apparatus for supporting the wringing mechanism in the defendant's machines, which have two upright standards supporting journals for the pressure-rollers, the two upright standards being connected by a cross-bar at the bottom, they testify that not only the two upright standards connected by a cross-bar at the bottom form the yoke described in the patent, as seen from the inside of the tub, but that all the parts are duplicated; and the face of the machine presented to the outside of the tub has also two uprights, and a connection which corresponds to the yoke in the patent. Applying the same reasoning, it is not easy to see why each standard which supports the journals, as viewed from the sides, is not to be considered also as a separate yoke frame with two uprights and a cross-piece, so that it would be as correct to say that the yoke frame of the complainant is quadruplicated, as to say that it was duplicated. This would seem to be the necessary result of making the U-shaped yoke frame include any form of a journal-supporting standard, and it would seem to prove, if correct, that the Sabin patent anticipated the Sergeant invention.

The U-form of the yoke frame of the Sergeant machine was necessary as a device for supporting a clothes-wringing mechanism, in the manner and for the purposes set forth. The manner of support was the semi-circular shape at the bottom of the U-formed yoke frame, which constituted of itself a journal-box; and the peculiar form of that standard, which was new, when combined with any wringing mechanism which was old and well-known, and a wedge, screw, or other well-known and equivalent clamping device, which was old, constituted the only invention which, in the state of the art at the date of the Sergeant invention, could be embraced and protected in that division of the reissued patent. This combination of such a yoke frame, with uprights or their equivalents for supporting a wringing mechanism in position on one side of a common wash-tub with an adjustable clamping device, all substantially in the manner and for the purposes set forth in the patent, is all that can be sustained as new in this division of the reissued patent. To attempt to make the claims in this division of the reissued patent sufficiently broad to cover any form of portable standard for supporting a journal of any form of wringer in combination with a wedge, or helical wedge or screw, or other clamping device for securing the frame to the side of a tub, would be fatal to the patent, as it would clearly embrace what was old, both in the separate parts and in the parts in combination. The two upright standards in the defendant's machine connected with a cross-bar may in one sense be said to be the equivalent of the U-shaped yoke frame of Sergeant. But the upright standards each support, independently of the other, their respective journal-boxes, in the same manner substantially that Sabin's standard supported a journal for clothes-wringing mechanism. There is no significance in any similarity, or supposed similarity, to a U-shaped yoke frame constituting a journal-box of itself, and requiring that exact semicircular or substantially semicircular form to form of itself the journal-box. The reissued patent in controversy in this case is, as construed by the court, only for a combination. Upon no other construction could it be sustained. The first claim refers

to peculiarities in the construction of the U-shaped yoke frame for the support of the wringing mechanism; the second, to the combination of this peculiarly constructed yoke frame with reference to the purposes of the peculiar form of construction with an adjustable clamping device, when employed to attach a clothes-wringer to one side only of a wash-tub.

The standards or uprights in the defendant's machine can with no more propriety be considered as the equivalents of the U-shaped yoke frame in the complainant's, than can Sabin's standard be considered as a yoke frame, because it supported a journal-box. If the two standards in defendant's machine, with their connecting cross-bar, are to be claimed as the equivalent of complainant's yoke frame, then any frame of any kind supporting any wringing mechanism must be considered an equivalent; for there cannot be any form of frame constructed supporting a journal which could not be dissected in a yoke frame, or a U-shaped yoke frame, by an elimination of parts not indispensable. The defendant does not use a U-shaped yoke frame with any such peculiarity of form in the construction of the frame for the same purpose, or to be used in the same manner in which it is used in the complainant's combination. If the defendant's frame and standards, either separately or in combination, are the equivalent of complainant's yoke frame, then complainant's yoke frame, when combined with a clamping device and a wringing mechanism, is the equivalent of Sabin's journal-supporting standard in similar combination.

As the defendant, in the view taken by the court of Sergeant's invention, does not use all the elements of his combination, when Sergeant is confined within the exact limits of his invention and is allowed the full benefit of his invention so far as it was novel, it is not liable as an infringer. Bill dismissed, with costs.

[Upon appeal by the complainants to the supreme court the decree of the circuit court was affirmed, Mr. Justice Strong delivering the opinion. 20 Wall. (87 U. S.) 342.]